**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKIVA INTERNATIONAL, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>STAR FABRICS, INC., and LONGINA PHILLIPS DESIGNS PTY. LTD.,<br><br>   Defendants. | Civil Action No. 19-2885<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT<br><br>ECF CASE |

Plaintiff, Skiva International, Inc. ("Skiva" or "Plaintiff"), by and through its undersigned attorneys, STERN & SCHURIN, LLP, for its Complaint against Defendants, Star Fabrics, Inc. ("Star Fabrics"), and Longina Phillips Designs Pty. Ltd. alleges as follows:

**NATURE OF ACTION**

1.     This is an action for declaratory judgment against Star Fabrics which arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*  By this action, Skiva seeks a declaration that it owns the design that is accused of infringement by Star Fabrics and that it has not infringed upon the claimed copyright rights of Star Fabrics on the basis that the accused design was independently created by the Australian design studio, Longina Phillips Designs Pty. Ltd. ("Longina"), and then purchased from and assigned by Longina to Skiva.

2.     This is also an action for breach of contract against Longina for its breach of its implied and express warranty of non-infringement, as well as its failure to honor the express terms of the Copyright Assignment from Longina to Skiva, whereby Longina agreed to "defend and indemnify Skiva for any and all claims of infringement, unfair competition, counterfeiting,

false designation of origin, advertising claims, deceptive trade practices or any other claims"
pertaining to the design purchased by Skiva that is now accused by Star Fabrics of copyright
infringement.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect
to the claims against Star Fabrics arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and
pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

4.     This Court also has jurisdiction in this action with respect to diversity of the
parties pursuant to 28 U.S.C. § 1332.  The sum in controversy exceeds $75,000 exclusive of
interest and costs.

5.      The action involves citizens of different states and a citizen of a foreign state,
pursuant to 28 U.S.C. § 1332(a)(3).  Skiva is a citizen of the State of New York, Star Fabrics is a
citizen of the State of California, and Longina is a citizen of Australia.

6.     The Court also has supplemental jurisdiction over the related state law claims
pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an
action brought pursuant to the Copyright Act, Star Fabrics and Longina both conduct business in
this judicial district, and a substantial part of the events giving rise to the claims occurred in this
District.

## THE PARTIES

8.    Skiva is a corporation organized and existing under the laws of the State of New York with a place of business located at the heart of the Garment District at 1407 Broadway, New York, New York 10018.

9.    Skiva conducts its business in the wholesale apparel industry, selling, marketing, advertising and promoting clothing to retail establishments that sell to the public.

10.    Skiva is the wholesale supplier of apparel comprising the design alleged to infringe Star Fabrics' copyright rights, as asserted herein.

11.    Longina is a textile design studio with a head office located at 1/425 Elizabeth Street, Surry Hills, NSW, 2010, Australia.

12.    According to Longina's website it has offices in several locations around the world, including New York, London and Tokyo.

13.    Longina also regularly advertises and exhibits its designs at shows taking place in New York, including the annual Premiere Vision New York trade show.  Promotions on social media and elsewhere for Longina's exhibitions in New York routinely identify Longina's agent, M. Collection, and M. Collection's email address maria@mcollectionny.com.

14.    Star Fabrics is a corporation organized and existing under the laws of the State of California with a place of business at 1440 East Walnut Street, Los Angeles, California 90011.

15.    Upon information and belief, Star Fabrics is in the business of importing, marketing and selling woven, printed and knitted fabrics to its customers in the United States and in New York.

16.    Upon information and belief, Star Fabrics is doing business in the State of New

York and within this district, transacts business within the State of New York and within this district, derives revenue from intrastate and interstate commerce, and Star Fabrics is otherwise within the jurisdiction of this Court.

17.     Since Skiva, Longina and Star Fabrics each regularly transact business in the State of New York and within this judicial district, jurisdiction in the Southern District of New York is appropriate for adjudication of the claim(s) brought herein.

## FACTUAL BACKGROUND

**A.     Skiva's Purchase of Design 59527 from Longina and
Skiva's Ownership of the Copyright Rights Therein**

18.     In August 2016, Skiva met with Longina's agent, Maria Delisi Ward doing business as M. Colleciton, to review and select original textile designs being advertised and offered for sale by Longina.

19.     M. Collection served as an agent for Longina in New York.

20.     M. Collection has served as Longina's agent over the course of several years in connection with the advertising, promotion, exhibition, offer for sale and sale of textile designs to the garment industry.

21.     At all relevant times herein, Longina was aware of and authorized M. Collection's actions on behalf of Longina.

22.     During Skiva's meeting with M. Collection, Skiva selected several original textile designs that were created by Longina that were identified with the following numerical designations: 58577, 59527, 59519, 58401, 59523 and 57414 (collectively "the Longina Designs").

4

23.     One of the designs that Skiva selected is Design 59527, which is now accused of infringement by Star Fabrics.

24.     A representation of Design 59527 which was sold by Longina to Skiva is presented below:



25.     All of the Longina Designs, including Design 59527, were invoiced by M. Collection to Skiva on Invoice 461263 for $500 per design.  The total of the invoice amounted to $3,000 for the six (6) designs listed therein.  A copy of the invoice from M. Collection to Skiva is attached hereto as **Exhibit A**.

26.     Skiva paid $3,000.00 in full for the Longina Designs that were listed in the invoice.

5

27.     As part of the transaction with Longina, Skiva also insisted on obtaining a formal assignment of copyright in the Longina Designs from Longina.  Longina agreed to provide an assignment to Skiva as part of the sale of the Longina Designs to Skiva.  This was memorialized on the bottom of the invoice with the phrase "Need copyright for all."

28.     The Longina Designs were assigned from Longina to Skiva by a formal Copyright Assignment.  A copy of the Copyright Assignment from Longina to Skiva is attached hereto as **Exhibit B**.

29.     In the Copyright Assignment, Longina is identified as the "Assignor" and Skiva is identified as the "Assignee."

30.     The Copyright Assignment states that Longina is the "creator and owner" of the fabric designs referenced in Invoice 461263, which are identified as the "Work(s)," under the following design numbers: 58577, 59527, 59519, 58401, 59523, 57414.  Thus, Design 59527 which was identified in Invoice 461263 is also specifically identified in the Assignment.

31.     In addition to the statutory warranty of non-infringement accompanying the sale of the Longina Designs, in the Copyright Assignment, Longina also provided certain warranties and representations to Skiva with regard to the Longina Designs that were assigned to Skiva.  In particular, Longina expressly warranted and represented that the works "are original and were created by Assignor;" that they "do not infringe upon any copyright right or other proprietary rights of others;" and that Longina has not previously granted rights in the Works to any other person, firm, corporation or other entity.

32.     In addition to these express warranties and representations, Longina also expressly agreed to defend and indemnify Skiva for any and all claims of infringement and any

6

other claims pertaining to the Works.

33.     The Copyright Assignment further provides that Skiva has the right to select its own counsel in connection with its defense which shall be paid for by Longina.

34.     The Copyright Assignment was signed by Natasha Domosi, Longina's Operations Manager.

35.     Based upon the contents of Invoice 461263 and the Copyright Assignment, Skiva is the owner of all right title and interest in the Longina Designs, including Design 59527.

**B.     Star Fabrics' Claim of Copyright Infringement**

36.     Star Fabrics is the purported owner of a copyright in design artwork identified as Design No. 63556 ("Star Fabrics Design").  An illustration of the Star Fabrics Design is presented below:



37.     Upon information and belief, the Star Fabrics Design has been registered by the United States Copyright Office, under VA 1-708-442, and entitled #63556.

38.     Upon information and belief, the effective date of Registration No. VA 1-708-442 is February 17, 2010.

39.     Star Fabrics is a serial copyright plaintiff.  In the last ten (10) years, Star Fabrics has sued defendants in United States district courts for copyright infringement in over four hundred (400) different cases.

40.      On or about January 22, 2019, Skiva received a cease and desist letter with enclosures from Star Fabrics' counsel, Stephen M. Doniger of the firm Doniger / Burroughs (hereinafter "Cease and Desist Letter").  A copy of the Cease and Desist Letter is attached hereto as **Exhibit C.**

41.     In the Cease and Desist Letter, Mr. Doniger asserts, *inter alia*, that Skiva is "advertising, marketing, and/or selling garments that infringe" Star Fabrics' rights in design artwork that is registered with the United States Copyright Office.  The letter states that Skiva's reproduction and sale of the garments bearing Star Fabrics' design constitutes a violation of Star Fabrics' intellectual property rights.  The letter further asserts that the sales of garments by Skiva constitute a violation of 17 U.S.C. § 501 et seq. of the Copyright Act.

42.      Mr. Doniger's letter also demands that Skiva "immediately cease and desist from all sales of any garments bearing the [Star Fabrics] design," and that confirmation be provided of same within seven (7) days.

8

43.   A comparison of the Star Fabrics Design and Skiva's Design 59527 is presented below.  As is readily visible, these designs do not share any appreciable likeness that would render the designs substantially similar to one another:

| STAR FABRICS' DESIGN | SKIVA'S DESIGN 59527 |
|---|---|



44.   Upon information and belief, Star Fabrics objects to all sales, offers for sale, advertising, marketing and/or promotional activities by Skiva which relate to accused garments that allegedly incorporate the Star Fabrics Design.

9

45.     Upon information and belief, Star Fabrics objects to all advertisements, marketing and promotional materials which contain and/or relate to accused garments that allegedly incorporate the Star Fabrics Design.

46.     Upon information and belief, Star Fabrics' explicit demand that Skiva "immediately cease and desist from all sales of any garments bearing the [Star Fabrics] design," also includes an implied demand that Skiva cease and desist from all advertising, marketing and promotional activities that promote the sale of garments incorporating the accused design.

47.     By virtue of the foregoing, Skiva is compelled to seek a declaration from this Court that it does not infringe Star Fabrics' copyright rights and/or that Star Fabrics' asserted rights are invalid and/or unenforceable.

**C.    Longina Refuses to Defend and Indemnify Skiva As
        <u>Required Under the Terms of the Copyright Assignment</u>**

48.     After receiving the Cease and Desist Letter, Skiva contacted Longina and M. Collection to advise them of the infringement claim that was asserted by Star Fabrics.

49.     In response, Longina's Operations Manager, Natasha Domosi, the same individual who executed the Copyright Assignment to Skiva, confirmed to Skiva that the Design 59527 is original and independently designed in-house at its studio in Sydney, Australia.

50.     By letter from Longina to Skiva, attached hereto as **Exhibit D**, Ms. Domosi explained that Design number 59527 was created by an in-house designer, Shannon Cheung, who used Longina's original elements, "some of which were painted with effects and some of which were painted on."  Furthermore, Ms. Domosi stated that "the design is based on elements created and hand painted in-house by our artist Jun (Zoom) Zhang."

10

51.     The following original hand painted elements are illustrated on page 3 of the letter:



52.     Ms. Domosi also explained that "[t]he design was in response to a theme of 'floral camo', namely a mixture of botanicals and florals to create a camouflage effect. The flowers featured in our design are both roses and hydrangeas. These are commonly placed together in floral designs and are a popular coupling."

53.     Notwithstanding Longina's explanation demonstrating the originality of Design 59527, which was sold and assigned to Skiva, Longina refused to honor its commitment and obligation to provide a defense and indemnification to Skiva, as it had agreed to do under the terms of the Copyright Assignment.

**COUNT I**
**DECLARATION OF NON- INFRINGEMENT, INVALIDITY AND/OR**
**UNENFORCEABILITY UNDER THE COPYRIGHT ACT**

54.     Skiva repeats and realleges each allegation contained in the preceding paragraphs as if set forth in full herein.

55.     An actual controversy has arisen and now exists between Skiva and Star Fabrics concerning whether Skiva has infringed and is infringing Star Fabrics' copyright rights.

56.     Skiva has advertised, marketed, offered for sale and sold accused garments bearing purportedly copyrighted designs alleged by Star Fabrics to have infringed its copyright rights.

57.     Skiva believes and alleges that the accused garments do not infringe upon any valid copyright rights of Star Fabrics since the accused Design 59527 is original to and was independently created by Longina.

58.     Skiva further believes and alleges that the accused garments do not infringe upon any valid copyright rights of Star Fabrics since the accused Design 59527 is not substantially similar to the Star Fabrics Design.

59.     In the alternative, Skiva alleges that Star Fabrics' purported copyright rights are invalid and/or unenforceable.

60.     By virtue of the foregoing, Skiva desires a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by Star Fabrics.

61.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## COUNT II
## <u>BREACH OF CONTRACT AGAINST LONGINA</u>

62.     Skiva repeats and realleges each allegation contained in the preceding paragraphs as if set forth in full herein.

63.     This is a cause of action for breach of contract under New York law.

64.     Pursuant to the terms of the Copyright Assignment, Longina agreed to defend and indemnify Skiva for all claims of infringement pertaining to the Longina Designs which it purchased from Longina.

65.     Star Fabrics asserted a claim of copyright infringement against Skiva which required Longina to provide a defense and indemnification to Skiva.

66.     Skiva made a demand for a defense and indemnification from Longina pertaining to the claim for infringement asserted by Star Fabrics.

67.     Despite several attempts, Longina continues to refuse to defend and indemnify Skiva for the claim of infringement asserted by Star Fabrics.

68.     As a result, Longina has breached the terms of the Copyright Assignment with Skiva.

69.     Based on Longina's breach, Skiva has suffered and will continue to suffer damages in an amount in excess of seventy-five thousand dollars ($75,000).

70.     This includes damages in attorneys' fees and disbursements that Skiva will have to expend to defend itself and/or its customers for purchasing apparel that incorporates Design 59527, as well as lost sales for apparel it would have sold but will now not be able to sell by virtue of the claim of infringement being asserted by Star Fabrics.

13

71.     Moreover, in the event there is a determination that Design 59527 is deemed to be an infringement of the Star Fabrics' Design, Longina will be in further breach of the representation and warranties of the Copyright Assignment with Skiva.

## COUNT III
## BREACH OF STATUTORY WARRANTIES AGAINST LONGINA

72.      Skiva repeats and realleges each allegation contained in the preceding paragraphs as if set forth in full herein.

73.      To the extent that Skiva has any liability to Star Fabrics, this is a cause of action for breach of the statutory warranties provided under applicable state law, including but not limited to N.Y. U.C.C. § 2-312 Warranty of Title and Against Infringement, and N.Y. U.C.C. § 2-314 Warranty of Merchantability.

74.     Longina is a merchant regularly dealing in the sale of purportedly original designs.

75.     Longina has fabric designs of the type purchased by Skiva herein in its normal stock and sells such designs in its normal course of business.

76.     The design purchased by Skiva is subject to an infringement claim of Star Fabrics which may be rightful.

77.     Skiva and Longina have not formed any other agreement that could possibly relieve Longina of its statutory warranties.

78.     Accordingly, Longina is liable for all injuries to Skiva that have proximately resulted form its breach of warranty.

**WHEREFORE**, Skiva prays for a judgment against Defendants as follows:

A.      For judgment declaring that Skiva is the owner of all right, title and interest in Design 59527, which was purchased from and assigned by Longina to Skiva;

B.      For judgment declaring that Longina breached the terms of its Copyright Assignment with Skiva and awarding all damages, including attorney fees and costs of this action, to Skiva resulting therefrom;

C.      For judgment declaring that Star Fabrics' copyright rights are not infringed by the design and/or clothing product(s) manufactured, imported, advertised, marketed, offered for sale and/or sold by Skiva and/or are invalid, void, unenforceable;

D.      For judgment in favor of Skiva against Longina for breach of statutory warranties;

E.      Awarding Skiva's costs, expenses and reasonable attorneys' fees against Star Fabrics, Longina and M. Collection as permitted by law; and

F.      Awarding Skiva such other and further relief as the as the Court may deem just and proper.

15

## JURY DEMAND

Skiva demands a trial by jury on all issues so triable.

**STERN & SCHURIN LLP**

By: _____
Steven Stern (SS 5203)
    sstern@sternschurin.com
Richard S. Schurin (RS 0199)
    rschurin@sternschurin.com
*Attorneys for Plaintiff*
*Skiva International Inc.*
595 Stewart Avenue
Suite 510
Garden City, New York 11530
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

Dated: April 1, 2019
      Garden City, New York